```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JENNIFER BARRIOS and LUZ MARY BARRIOS,                                 :
                                                                       :
                                Plaintiffs,                            :
                                                                       :    20 Civ. 5228 (JPC)
                -v-                                                    :
                                                                       :    OPINION
MIGUEL BELLO and MAYALYN INES NEGRON,                                  :    AND ORDER
                                                                       :
                                Defendants.                            :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

  Plaintiffs Jennifer Barrios ("Jennifer Barrios") and Luz Mary Barrios ("Luz Barrios") bring this suit against Defendants Miguel Bello ("Bello") and Mayalyn Ines Negron ("Negron"), alleging negligence in connection with an October 7, 2018 motor vehicle accident in the Bronx.  As alleged, Plaintiffs' SUV was rear-ended by a motorcycle and a sedan driven by Bello and Negron, respectively.  Plaintiffs allege that the accident and their ensuing injuries were caused by Defendants' negligence in operating their vehicles.  Plaintiffs also assert that Bello, who owned the sedan driven by Negron, is liable for negligently entrusting that car to Negron.  Negron has responded with a counterclaim against Jennifer Barrios, asserting that any damages suffered by Luz Barrios resulted from Jennifer Barrios's negligence, and seeking indemnification and contribution for any judgment entered against Negron.

  Before the Court are Bello's motion to dismiss the negligent entrustment claims and Plaintiffs' unopposed motion to dismiss Negron's counterclaim.  For the reasons discussed below, the Court grants both motions.

# I. Background

## A. Factual Allegations

The following factual allegations are taken from the Complaint. *See* Dkt. 1 ("Compl."). The Court "accept[s] as true the factual allegations in the [C]omplaint and draw[s] all inferences in the plaintiff's favor." *Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015).[1]

In the early morning hours of October 7, 2018, Jennifer Barrios was driving a 2014 Hyundai SUV (the "SUV") westbound on I-95 in the vicinity of Macobs Road in Bronx, New York. Compl. ¶¶ 11, 12, 30. Luz Barrios, the registered owner of the SUV, was a passenger in the vehicle at the time. *Id.* ¶¶ 10, 52. At approximately 12:45 a.m., Bello, driving a 2010 Honda motorcycle, rear-ended the SUV. *Id.* ¶¶ 13, 15, 31, 33. Shortly after, Negron, driving a 2007 Toyota Sedan (the "Sedan") owned by Bello, also collided into the back of the SUV. *Id.* ¶¶ 20, 32, 34. Plaintiffs allege that, as a result of this accident, they sustained serious personal injuries and economic losses. *Id.* ¶¶ 38, 47, 58, 67.

Plaintiffs assert that their injuries and damages resulted from Defendants' "negligence, carelessness, recklessness, and wanton disregard." *Id.* ¶¶ 35, 55. Plaintiffs claim that Defendants were negligent by, among other reasons, driving at excessive speed, failing to properly equip or maintain their vehicles, and failing to comply with applicable "statutes, laws, and ordinances made and provided for vehicular traffic on the highways of the State of New York." *Id.* ¶¶ 35, 55. Plaintiffs also bring claims of negligent entrustment against Bello, alleging that as the owner of the Sedan, he owed a duty to entrust its use "to a suitable, competent, qualified, experienced, trained, diligent and adequate person." *Id.* ¶¶ 43, 63. Plaintiffs allege that they were injured

---

[1] For purposes of Plaintiffs' motion to dismiss Negron's counterclaim, the Court must accept the facts alleged in the counterclaim as true and extend all reasonable inferences in the counterclaimant's favor. *See Iacovacci v. Brevet Holdings, LLC*, 437 F. Supp. 3d 367, 374 (S.D.N.Y. 2020). As discussed further below, Negron has not pleaded any facts in support of her counterclaim.

because "of the negligence of defendant Miguel Bello in entrusting the [Sedan] to defendant Mayalyn Ines Negron." *Id.* ¶¶ 46, 66.

**B. Procedural Background**

Plaintiffs filed the Complaint against Negron and Bello on July 8, 2020. The Complaint alleges four causes of action: (1) a claim of negligence brought by Jennifer Barrios against Bello and Negron, *id*. ¶¶ 9-41, (2) a claim of negligent entrustment brought by Jennifer Barrios against Bello, *id.* ¶¶ 42-50, (3) a claim of negligence brought by Luz Barrios against Bello and Negron, *id.* ¶¶ 51-61, and (4) a claim of negligent entrustment brought by Luz Barrios against Bello, *id.* ¶¶ 62-70.

Bello filed his Answer on August 24, 2020. Dkt. 10. On November 2, 2020, Negron filed her Answer, which included a counterclaim against Jennifer Barrios and a crossclaim against Bello. Dkt. 18. In the counterclaim, Negron alleges that in the event any judgment is entered against her, "the injuries and damages to the plaintiffs were caused through the negligence of Jennifer Barrios," and demands that Jennifer Barrios indemnify against, or contribute to, any judgment entered against Negron. *Id.* at 4. Negron's crossclaim similarly sought indemnification from Bello, alleging that any damages were the result of Bello's negligence. *Id.*

The case was reassigned to the undersigned on September 29, 2020. On November 3, 2020, the parties filed a joint letter which described discussions between Jennifer Barrios and Negron regarding the possibility of Negron voluntarily withdrawing her counterclaim. Dkt. 21 at 2. The Court held an Initial Pretrial Conference on November 18, 2020. At that conference, Plaintiffs' counsel advised the Court that they were considering filing a motion to dismiss Negron's counterclaim if the parties were unable to reach a consensual disposition of that claim. Further, Bello's counsel expressed an intent to move to dismiss Plaintiffs' negligent entrustment claims.

3

Bello filed his motion to dismiss Plaintiffs' negligent entrustment claims on December 9, 2020. Dkts. 26, 27 ("Bello's Motion to Dismiss"). Plaintiffs filed their opposition on December 23, 2020, Dkt. 28, and Bello filed his reply on December 30, 2020, Dkt. 29. Plaintiffs moved to dismiss Negron's counterclaim on December 8, 2020. Dkt. 25.[2] To date, Negron has not opposed or otherwise responded to Plaintiffs' motion.

## II. Legal Standards

### A. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) allows a Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a claim to survive a motion to dismiss, it must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility depends on whether the "ple[d] factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While the Court presumes as true all facts alleged in the complaint and draws all reasonable inferences in favor of the plaintiff, *see Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007), this presumption does not apply to "'legal conclusions' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2007) (quoting *Iqbal*, 556 U.S. at 678). When deciding a Rule 12(b)(6) motion, a district court may consider, in addition to the factual allegations in the complaint, "documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

---

[2] After the Clerk's Office deemed Plaintiffs' motion deficient for technical reasons, Plaintiffs refiled that motion on January 27, 2021. Dkts. 30-32.

### B. Negligent Entrustment Under New York Law

Under New York law, "[t]he owner or possessor of a dangerous instrument is under a duty to entrust it to a responsible person whose use does not create an unreasonable risk of harm to others." *Graham v. Jones*, 46 N.Y.S.3d 329, 330 (App. Div. 2017) (quoting *Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 236 (2001)). A claim of negligent entrustment may be brought against an owner of a motor vehicle who was "negligent in entrusting [the vehicle] to a person [he or she] knew, or in exercise of ordinary care should have known, was not competent to operate it." *Kornfeld v. Zheng*, 127 N.Y.S.3d 452, 453 (App. Div. 2020). "To establish a cause of action for negligent entrustment, 'a plaintiff must show that the defendant had some special knowledge concerning a characteristic or condition peculiar to the person to whom a [vehicle] is given which renders that person's use of the [vehicle] unreasonably dangerous.'" *Perpall v. Pavetek Corp.*, No. 12 Civ. 336 (PKC), 2018 WL 2390123, at *1 n.2 (E.D.N.Y. May 25, 2018) (quoting *Graham*, 46 N.Y.S.3d at 331) (alterations in original); *accord Perkins v. Cnty. of Tompkins*, 74 N.Y.S.3d 648, 650 (N.Y. App. Div. 2018); *see also Breitkopf v. Gentile*, 41 F. Supp. 3d 220, 274 (E.D.N.Y. 2014) ("[A negligent entrustment claim] is based on the degree of knowledge the supplier had or should have had concerning the entrustee's propensity to use the chattel in an improper or dangerous fashion." (internal quotation marks and citation omitted)).

### III. Discussion

### A. Defendant Bello's Motion to Dismiss Plaintiffs' Negligent Entrustment Claims

Bello moves under Rule 12(b)(6) to dismiss Plaintiffs' second and fourth causes of actions, Bello's Motion to Dismiss at 1, in which each Plaintiff pleads a negligent entrustment claim against Bello, Compl. ¶¶ 42-50; 62-70. In these causes of action, Plaintiffs assert that Bello had a duty to entrust the use of his Sedan to a person "who was fit, suitable, properly trained, and instructed." *Id.* ¶¶ 43-44, 63-64. Plaintiffs further allege that "by reason of the negligence of [Bello] in

5

entrusting [the Sedan] to [Negron]," they suffered injuries and damages. *Id.* ¶¶ 46, 66.

Bello argues that these claims must be dismissed because Plaintiffs "failed to allege that Bello possessed special knowledge that Negron was incompetent to operate a motor vehicle." Bello's Motion to Dismiss at 4. He also submits in support of the motion his own affidavit, in which he avers that he had no reason to know that Negron was an unsafe or dangerous driver. *See* Dkt. 26, Exh. I, Affidavit of Defendant Bello ¶¶ 1-7; *see* Bello's Motion to Dismiss at 4.

As an initial matter, the Court declines to consider Bello's affidavit in assessing his motion. Bello has moved pursuant to Rule 12(b)(6), which means that the Court is restricted as to the evidence it may consider. *See DiFolco*, 622 F.3d 104. Bello's affidavit attesting to his knowledge of Negron's driving ability does not fall within any exception to the general rule that a Court may rely only on the allegations in the complaint when deciding a Rule 12(b)(6) motion. *See Goel v. Bunge*, 820 F.3d 554, 559 (2d Cir. 2016). His affidavit is not a document "attached to the complaint as [an] exhibit[]," "incorporated by reference in the complaint," or integral to the complaint. *DiFolco*, 622 F.3d at 111. Were the Court to consider such "matters outside the pleadings," it must treat the motion "as one for summary judgment under Rule 56." Fed R. Civ. P. 12(d); *see* Fed. R. Civ. P. 56. A district court may convert a Rule 12(b)(6) motion to one under Rule 56 only upon giving all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Whether to convert the motion is within the Court's discretion. *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 573 (2d Cir. 2005). "Normally," however, "summary judgment is inappropriate before the parties had an opportunity for discovery." *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 165 (S.D.N.Y. 2006). At the time that briefing was completed on the instant motion, Plaintiffs have not yet had the opportunity to question Negron or discover other extrinsic evidence to rebut Bello's affidavit. Accordingly, the Court treats Bello's motion as proceeding only under

6

Rule 12(b)(6), without consideration of any extrinsic evidence proffered by Bello.

Importantly, Bello argues for dismissal of Plaintiffs' negligent entrustment claims based on the deficiency of the Complaint. Bello's Motion to Dismiss at 4-5 (arguing that "most notably, Plaintiff failed to allege that Bello possessed special knowledge that Negron was incompetent to operate a motor vehicle"). The Court agrees that the Complaint on its face fails to adequately plead the negligent entrustment claims. An essential element of a negligent entrustment claim is knowledge by the defendant that the entrustee of defendant's property is unfit to use the property in a reasonable manner. *See Breitkopf*, 41 F. Supp. 3d at 274-75. At the pleading stage, a plaintiff must allege that an owner of a vehicle had "special knowledge" that the driver was unfit to operate the vehicle, and the failure to do so is grounds for dismissal. *See Perpall*, 2018 WL 2390123 at *1 n.2; *Kornfeld*, 127 N.Y.S.3d at 420-21 (dismissing negligent entrustment claim in New York court on a motion to dismiss when the plaintiff did not allege that defendant "knew or should have known of any incompetence" of the entrustee); *see also Ventarola v. Narvaez*, No. 18 Civ. 3231 (PMH) (BCM), 2021 WL 1536540, at *6-7 (S.D.N.Y. Feb. 16, 2021) (recommending dismissal of a negligent entrustment claim at the default judgment stage—where the well-pleaded factual allegations in the complaint are deemed admitted—because the complaint failed to allege supporting facts as to the entrustee's "shortcomings" or to the defendant's "knowledge of the [entrustee's] dangerous characteristic or condition"), *report and recommendation adopted*, 2021 WL 839454 (S.D.N.Y. Mar. 5, 2021).

Here, Plaintiffs' negligent entrustment claims are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Crediting all allegations in the Complaint, Plaintiffs allege no supporting facts as to Bello's knowledge of Negron's incompetency in operating a vehicle. Nor do Plaintiffs plead any facts that could raise a possible inference that Bello knew—or in the

exercise of ordinary care, should have known—that Negron was incompetent to operate the Sedan. *See Kornfeld*, 127 N.Y.S.3d at 453.

Accordingly, the Court grants Bello's motion to dismiss Plaintiffs' claims for negligent entrustment. Because it may be possible that Plaintiffs can amend their Complaint to sufficiently plead these claims, the Court dismisses the second and fourth causes of action without prejudice.

### B. Plaintiffs' Motion to Dismiss Negron's Counterclaim

The Court next turns to Plaintiffs' motion to dismiss Negron's counterclaim against Jennifer Barrios. Negron alleges that even if Luz Barrios suffered the injuries and damages alleged in the Complaint, those "injuries and damages arose from the negligence of the plaintiff, Jennifer Barrios." Dkt. 18 at 4. Negron seeks "contribution and indemnification" in the event that "judgment is recovered . . . by the plaintiff(s) against [her.]" *Id.* The Court finds that these allegations are insufficient to survive a motion to dismiss.

At the November 18, 2020 conference, the Court set a briefing schedule should Plaintiffs move to dismiss Negron's counterclaim, which the Court later extended. Dkt. 24. Pursuant to that schedule, Plaintiffs' motion to dismiss the counterclaim was to be filed by December 9, 2020, with Negron's opposition due on December 23, 2020 and any reply papers due on December 30, 2020. *Id.* Plaintiffs timely filed their motion to dismiss on December 8, 2020. Dkt. 25. Over four months have passed since Plaintiffs filed their motion, yet Negron has failed to oppose or otherwise respond to that motion. The Court therefore treats Plaintiffs' motion as unopposed.[3]

Negron's counterclaim must be dismissed because Negron has not alleged any facts that would entitle her to relief. "[A] new counterclaim, like all pleadings, must conform to the pleading requirements of *Twombly* and *Iqbal*." *GEOMC Co. Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d

---

[3] The Court must still decide an unopposed motion to dismiss pursuant to Rule 12(b)(6) on its merits. *See McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000); *Capitelli v. Riverhouse Grill, Inc.*, No. 15 Civ. 2638 (ADS), 2015 WL 9413102, at *2 (E.D.N.Y. Dec. 21, 2015).

8

92, 99 (2d Cir. 2019); *see Erickson Beamon Ltd. v. CMG Woldwide, Inc.*, No. 12 Civ. 5105 (NRB), 2014 WL 3950897, at *7 (S.D.N.Y. Aug. 13, 2014) ("Counterclaims must meet the pleading requirements of Rule 8(a), as interpreted by *Twombly* and *Iqbal*, in order to survive a motion to dismiss pursuant to [Rule 12(b)(6).]"). Negron's counterclaim is bereft of any factual allegations. Instead, the counterclaim merely asserts in a conclusory fashion that "the alleged injuries and damages arose from the negligence of the plaintiff, Jennifer Barrios." Dkt. 18 at 4. Such allegations do not suffice to survive a Rule 12(b)(6) motion. *See Lopez v. United States*, No. 15 Civ. 9695 (GHW), 2016 WL 7156773, at *10 (S.D.N.Y. Dec. 7, 2016) (holding that a plaintiff's failure to plead any facts to support the conclusory statement that defendant acted with "carelessness, recklessness, and negligence" requires dismissal under Rule 12(b)(6)); *Ojeda v. Metro. Transp. Auth.*, No. 16 Civ. 3 (VB), 2016 WL 6208576, at *2 (S.D.N.Y. Oct. 24, 2016) (dismissing negligence claim as insufficiently pleaded where the complaint relied upon "conclusory allegations and threadbare recitals of various types of negligence," yet failed to "allege what actually took place, how defendant's alleged negligence caused plaintiff's injuries, or even the nature of those injuries"). Negron does not provide the Court with any facts which, if assumed true, would allow the Court to infer that Jennifer Barrios drove the SUV in a negligent matter the morning of October 7, 2018, let alone that such negligence caused Luz Barrios's injuries.

The Court therefore dismisses Negron's counterclaim against Jennifer Barrios.[4] To

---

[4] Plaintiffs moved to dismiss Negron's counterclaim under Rule 12(b)(6) or, in the alternative, under Rule 56 as a motion for summary judgment. In the event the Court were to treat the motion as one for summary judgment, Plaintiffs provide their signed affidavits, an affidavit from non-party Jason Barrios, and a police report of the incident. *See* Dkt. 25, Exhs. 4-7. Because the Court concludes that the counterclaim lacks sufficient factual allegations to survive a dismissal under Rule 12(b)(6), the Court need not consider the alternative basis for dismissal under Rule 56. The Court therefore has decided Plaintiffs' motion based only on the face of the pled counterclaim, without consideration of the extrinsic evidence offered by Plaintiffs.

account for the possibility that Negron is aware of facts which would allow her to sufficiently plead negligence, this dismissal also is without prejudice.

### IV. Conclusion

For reasons articulated above, the Court grants Bello's motion to dismiss Plaintiffs' negligent entrustment claims and grants Plaintiffs' motion to dismiss Negron's counterclaims.  If Negron or Plaintiffs intend to move for amendment of their pleadings, they shall file a pre-motion letter with the Court pursuant to Rule 6.A of the Court's Individual Rules and Practices in Civil Cases within two weeks of the date of this Order.  *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead.").

Further, the parties should be prepared to discuss the following at the May 4, 2021 Pretrial Conference: (1) whether the parties request a referral to the Honorable Kevin N. Fox for a settlement conference or to the Court-annexed mediation program and (2) whether any party plans to file a post-discovery motion and the anticipated grounds for any such motion.

The Clerk of Court is respectfully directed to close the motion pending on Docket Number 30.

SO ORDERED.

Dated: April 27, 2021
       New York, New York

_____
JOHN P. CRONAN
United States District Judge

account for the possibility that Negron is aware of facts which would allow her to sufficiently plead negligence, this dismissal also is without prejudice.

### IV. Conclusion

For reasons articulated above, the Court grants Bello's motion to dismiss Plaintiffs' negligent entrustment claims and grants Plaintiffs' motion to dismiss Negron's counterclaims.  If Negron or Plaintiffs intend to move for amendment of their pleadings, they shall file a pre-motion letter with the Court pursuant to Rule 6.A of the Court's Individual Rules and Practices in Civil Cases within two weeks of the date of this Order.  *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead.").

Further, the parties should be prepared to discuss the following at the May 4, 2021 Pretrial Conference: (1) whether the parties request a referral to the Honorable Kevin N. Fox for a settlement conference or to the Court-annexed mediation program and (2) whether any party plans to file a post-discovery motion and the anticipated grounds for any such motion.

The Clerk of Court is respectfully directed to close the motion pending on Docket Number 30.

SO ORDERED.

Dated: April 27, 2021
       New York, New York

_____
JOHN P. CRONAN
United States District Judge